# Odd Fellows Mutual Life Insurance Company *versus* Rohkopp.

1. A clause of a life insurance policy provided that the company should not be liable if the insured should become so far intemperate as to seriously or permanently impair his health. In an action upon the policy, it was proposed to show that deceased was an habitual drunkard prior to the date of the policy, and that he had created an appetite which had become fixed upon him, but which had not seriously injured his health at that date, to be followed by the testimony of experts to show that the quantity he drank before that date, together with what he drank afterwards, was sufficient to seriously impair a man's health : *Held*, that this evidence was inadmissible as immaterial and irrelevant.

2. It was further proposed to show the appearance of the deceased after the date of the insurance, to be followed by the evidence of an expert that such were the symptoms of hard drinking : *Held*, that this was inadmissible and as there was no offer to prove that it affected the health of the deceased, there was nothing in the offer sufficient to constitute a defence.

March 17th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Susquehanna county :* Of July Term 1879, No. 73.

Debt by Louisa Rohkopp against the Odd Fellows Mutual Life Insurance Company, to recover the amount of a policy of insurance upon the life of Ernest Rohkopp, husband of the plaintiff, and the amount of which policy was payable to her.

The policy was dated September 16th 1872, and contained the following clause : "It is further agreed and understood, that if he (the assured) shall become so far intemperate as to seriously or permanently impair his health, or induce delirium tremens, then this company shall not be liable."

Plaintiff put in evidence the policy, and proved the death of her husband, and closed.

The defendant then made the following offers :—

1. To show by the witness that Ernest Rohkopp was an habitual drunkard for a number of years up to 1872 ; that he had created an appetite which had become fixed upon him, but that it had not seriously injured his health at that date ; to be followed by the testimony of experts that the amount he had drank before and the amount he drank afterwards was sufficient to seriously impair a man's health.

·2. To show that from 1872 down to the time of his death, the deceased grew fleshy, his face and nose became red, that he was

bloated, and that he had all the appearance of a drinking man ; to be followed by the evidence of an expert that such are the symptoms of hard drinking.

3. To prove that the witness had a conversation with Ernest Rohkopp in 1874 respecting his drinking, and what Rohkopp said in reply.

The plaintiff objected to these offers as incompetent, irrelevant and immaterial, and the court sustained the objections.

The court, Waller, P. J., alluded to the above condition of the policy, and charged : " You have heard the evidence upon these points, and we propose to submit this question to you as the only one in the case. If the evidence satisfies you that Ernest Rohkopp, after the issuing of this policy and the making of this contract, became so far intemperate as to seriously or permanently impair his health, then the plaintiff would not be entitled to recover in this action."

Verdict for plaintiff for $2066.40, and after judgment thereon, defendant took this writ, alleging that the court erred in rejecting the above offers.

*Littles, Blakeslee & Allen,* for plaintiff in error.—The length of time which the deceased had been intemperate before his insurance had an important bearing on his intemperance afterwards. Continued drinking for many years certainly impairs the health. We should have been permitted to show the symptoms of his intemperance. It was as competent to show the effects and signs as the act of drinking. The admissions of the deceased that he drank excessively after his insurance were certainly the best possible evidence.

*McCollum & Watson,* for defendant in error.—It was not material for the defendant to show that the health of Rohkopp had not been injured at the date of the policy, September 16th 1872. If any part of an offer is immaterial it is not error to reject the whole : Sennett *v.* Johnson, 9 Barr 337 ; Wharton *v.* Douglass, 26 P. F. Smith 273. The best evidence for the defendant below was proof of the fact that Rohkopp did drink so as to seriously impair his health. It was a question of fact to be determined by the jury, not by experts from appearances testified to by other witnesses : Bliss on Life Ins. 645–6.

The third offer was to prove a conversation and declaration of one who was not a party to the record, and was not admissible : Mulliner *v.* Guardian Mutual Life Ins. Co., 1 N. Y. (S. C.) 448 ; Sansman's Digest of the Laws of Insurance 513 ; Bliss on Life Insurance 631 ; Fraternal Mutual Life Ins. Co. *v.* Applegate, 7 Ohio 292.

[Odd Fellows Mut. Life Ins. Co. *v.* Rohkopp.]

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

This suit was on a policy of insurance on the life of Ernest Rohkopp, payable to his wife, Louisa Rohkopp. All the alleged errors are to the rejection of evidence.

The whole defence arises under this clause in the policy, " It is further agreed and understood, that if he shall become so far intemperate, as to seriously or permanently impair his health or induce delirium tremens, then this company shall not be liable." Thus no degree of intemperance was sufficient to defeat a recovery unless it had the effect " to seriously or permanently impair his health or induce delirium tremens." Any less effect was insufficient. No offer to prove that Rohkopp's intemperance produced any such effect was rejected. The rejected offer, covered by the first assignment, clearly shows that the company did not consider habitual intemperance any ground for refusing a risk. It was to prove that Rohkopp was an habitual drunkard for many years prior to and at the time the insurance was taken ; that he had created an appetite which had become fixed upon him ; but that it had not seriously impaired his health at that time. The offer did not propose to show that he thereafter became so intemperate as to either " seriously or permanently impair his health." It was to show by " experts that the amount he had drank before, and the amount he had drank afterwards, was sufficient to seriously impair a man's health." The capacity of persons to drink liquor is so unequal, and the effect is so different on different individuals, it by no means follows that a quantity sufficient to affect some other man's health, had the same effect on the health of Rohkopp. The question in issue was, did his intemperance so affect him. The court opened the door wide, and permitted the plaintiff in error to give all the evidence offered of Rohkopp's intemperate habits, and of the effect on him. That he was habitually intemperate, was not denied or controverted. It was clearly proved. The contention was, whether its effect was such as to bring him within the clause of the policy which would prevent a recovery. Possessing a constitution and health, which habitual intemperance for so many years had been unable to seriously injure, showed a capacity to withstand its action, that justly confined the evidence to the effect the liquor had on him, and not what effect it might have on some other person.

The second assignment is to the rejection of evidence of his appearance as a drinking man, to be supplemented " by the evidence of an expert that such were the symptoms of hard drinking." There was no offer to prove that it affected his health. Everything contained in the offer was insufficient to constitute a defence. The truth, however, is, that all evidence legitimately calculated to

[Odd Fellows Mut. Life Ins. Co. *v.* Rohkopp.]

establish the defence was received, and fairly and fully submitted to the jury in a charge to which there is no exception.

As the offer covered by the third assignment fails to inform us what the conversation was, which the court excluded, we cannot say the plaintiff in error sustained any injury by its rejection.

Judgment affirmed.

Chief Justice SHARSWOOD, and Justices GORDON and TRUNKEY, dissented.